The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Mary Moore Hoag and the briefs on appeal. Both parties waived oral argument before the Full Commission. The Appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission reverses the prior Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 31 July 1997 as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. K-Mart is a qualified self-insured with Integrated Health Care Delivery Services (IHDS) as the administrator/agent.
4. Plaintiff's average weekly wage, determined by the Form 22 submitted by defendants, is $177.90, yielding a compensation rate of $118.66.
5. The parties stipulated that the medical records from Dr. Paul Suh, Dr. James Winget and Dr. Michelle Nacouzzi, as well as Industrial Commission forms and employment records of plaintiff could be stipulated and received into evidence.
6. The issues to be resolved are:
 a. Did plaintiff suffer a compensable injury by way of specific traumatic incident arising out of and in the course of her employment with defendant-employer?
 b. If so, is plaintiff entitled to workers' compensation benefits as a result of the injury?
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing on 31 July 1997, plaintiff was a 29 year old female employed in defendant's fashion department as a layout person. In this position, plaintiff was responsible for ensuring that merchandise was arranged properly in the store. Her duties included arranging merchandise and setting up displays in the store, including steel shelves.
2. On 27 February 1997, plaintiff was lifting heavy boxes and hanging large steel bars used to support shelves. While trying to pull one of the steel bars from the wall with her left hand and while standing on a ladder, plaintiff experienced the sudden onset of pain in her back. Plaintiff continued to work despite her pain and finished her shift that day.
3. On 28 February 1997, plaintiff reported to work and began taking over the counter pain medications because of her back pain. She continued working that week and reported her injury to Ms. Brenda Elliot, defendant's human resources manager, on or before 7 March 1997.
4. In response to plaintiff's report of injury, Ms. Elliot advised her that she would need to "prove her claim," and did not provide assistance for plaintiff in filing of her workers' compensation claim. Plaintiff then contacted another K-Mart store and obtained an Industrial Commission Form 18 Report of Injury which she completed without assistance.
5. In the presence of her husband, plaintiff delivered her Industrial Commission Form 18 Report of Injury to Ms. Elliot. Ms. Elliot thanked plaintiff for delivering the Form 18 and confirmed plaintiff's report of a work injury to her back.
6. Plaintiff's co-workers confirmed that she reported a back injury that occurred at work. The persons who testified included Ms. Ora Todd, Ms. Rosetta Hodge, and plaintiff's immediate supervisor, Ms. Robin Jackson.
7. In the prior Opinion and Award, the Deputy Commissioner found that plaintiff's testimony regarding the circumstances of her injury on 27 February 1997 not to be credible. This finding was based upon the Deputy Commissioner's perceptions of plaintiff's demeanor, what the Deputy Commissioner believed to be inconsistencies in plaintiff's testimony and on the Deputy Commissioner's judgment regarding the medical evidence.
8. As the ultimate fact finder, the Full Commission finds that that plaintiff's testimony regarding the circumstances of her injury on 27 February 1997 to be credible for the following reasons:
 (a.) Plaintiff reported the incident and her injury to Ms. Elliot near the time of its occurrence. Therefore, contrary to what the Deputy Commissioner found, the report of this incident to Dr. Paul Suh on 29 May 1997 was not the first time plaintiff had reported the circumstances of her injury.
 (b.) Regarding the medical evidence, given that plaintiff's testimony is accepted as credible, Dr. Suh's opinion that her lumbar disc condition was related to an on the job injury is likewise accepted and given significant weight.
 (c.) The Deputy Commissioner's perceptions of plaintiff's demeanor and related findings were, at least, in part based upon her own examination of plaintiff, which is covered in pages fifty-one through seventy-one (51-71) of the hearing transcript. A careful review of this portion of the transcript reveals that plaintiff was consistent in her testimony, time line and overall version of events. This portion of the transcript also reveals apparent confusion, on the part of the Deputy Commissioner regarding plaintiff's answers. Given the confusion in this portion of the transcript, the Deputy Commissioner's findings regarding plaintiff's demeanor and apparent inconsistencies is not given any weight.
9. After initially treating with Dr. Michelle Nacouzzi, a family healthcare practitioner, plaintiff was then examined by Dr. James K. Winget. After failing to obtain relief from her symptoms, plaintiff next reported to Dr. Paul B. Suh, an orthopaedic surgeon.
10. Dr. Suh testified that plaintiff's symptoms were causally related to the on-the-job incident that occurred on 27 February 1997 and that the same aggravated the condition he diagnosed, degenerative disc disease.
11. The medical treatment provided to plaintiff by Dr. Winget and Dr. Suh was reasonably necessary to effect a cure and to provide relief from the symptoms related to her lumbar disc condition.
12. On 27 February 1997, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant in the form of a specific traumatic incident.
13. Subsequent to her injury by accident, plaintiff attempted to return to work in her former position with defendant. Plaintiff was able to work on 17 March and 18 March 1997, 20 March and 21 March 1997 and 24 March 1997. Plaintiff has been unable to return to work for defendant since 24 March 1997.
14. On or about 12 April 1997, defendant offered a cashier position to plaintiff. There is no evidence of record regarding the suitability of such position, or the physical requirements of the job. Defendants did not offer evidence of a job description, nor had any physician who treated plaintiff considered one. As such, this position is not deemed to have been suitable and plaintiff's refusal of it was justified.
15. There is no evidence in the record of any additional job offers made to plaintiff by defendant after 12 April 1997, or that plaintiff has returned to work in any capacity since that date. Furthermore, there is no evidence that defendant has provided vocational rehabilitation to plaintiff following her justified refusal of the cashier position.
16. As the result of her 27 February 1997 injury by accident, plaintiff has been unable to earn wages in her former position with defendant or in any other employment from 24 March 1997 through the present and continuing.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The Supreme Court of North Carolina has held that the Full Commission and not the Deputy Commissioner or hearing officer is the ultimate fact finder and that "[i]t is the [Full] Commission that ultimately determines the credibility, whether from a cold record or from live testimony." Adams v. AVXCorporation, No. 151PA98, (N.C. Supreme Court, December 21, 1998).
2. On 27 February 1997, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant in the form of a specific traumatic incident. G.S. § 97-2(6).
3. There is insufficient evidence upon which to find that the position offered to plaintiff on 12 April 1997 was suitable to her condition and, therefore, her refusal of this position was justified. G.S. § 97-32.
4. As the result of her 27 February 1997 injury by accident, plaintiff is entitled to have defendant pay temporary total disability compensation at the rate of $118.66 per week for the period of 24 March 1997 through the present and continuing until such time as plaintiff returns to work or until further order of the Commission. G.S. § 97-29.
5. As the result of her 27 February 1997 injury by accident, plaintiff is entitled to have defendant pay for all medical expenses incurred by plaintiff, including expenses related to the treatment provided by Drs. Nacouzzi, Winget and Suh. G.S. §97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay to plaintiff temporary total disability compensation at the rate of $118.66 per week for the period of 24 March 1997 through the present and continuing until such time as plaintiff returns to work or until further order of the Commission. Plaintiff shall be paid in a lump sum the compensation which has accrued. This compensation is subject to the attorney's fee approved herein.
2. Defendant shall pay for all medical expenses incurred by plaintiff, including expenses related to the treatment provided by Drs. Nacouzzi, Winget and Suh.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded to plaintiff is approved for counsel for plaintiff. From the amount having accrued, this fee shall be deducted from the amounts due plaintiff and paid directly to counsel for plaintiff with counsel for plaintiff receiving every fourth check thereafter.
4. Defendant shall pay the costs.
 S/ _____________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ _____________ THOMAS J. BOLCH COMMISSIONER
S/ _____________ BERNADINE S. BALLANCE COMMISSIONER